J-S23042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEROME W. ARMSTRONG, | : | |
| | : | |
| Appellant | : | No. 513 EDA 2016 |

Appeal from the PCRA Order February 5, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0003229-2010

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　**FILED MAY 17, 2017**

Jerome W. Armstrong ("Armstrong"), *pro se*, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In October 2011, following a jury trial, Armstrong was found guilty of murder of the first degree and possession of an instrument of crime, arising out of the shooting death of Brian Way ("Way").[1]  The trial court sentenced Armstrong to life in prison.  This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal.  *See* ***Commonwealth v. Armstrong***, 82 A.3d 457 (Pa. Super. 2013) (unpublished memorandum), ***appeal denied***, 81 A.3d 74 (Pa. 2013).

On October 1, 2014, Armstrong filed the instant PCRA Petition.  On March 27, 2015, Armstrong filed a Supplemental PCRA Petition.  The PCRA

---

[1] In its Opinion, the PCRA court set forth an extensive recitation of the underlying facts.  *See* PCRA Court Opinion, 10/13/16, at 1-4 n.1.

court subsequently appointed Armstrong counsel, who filed a Petition to Withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice. Armstrong filed a Response. Thereafter, the PCRA court dismissed the PCRA Petition and granted counsel's Petition to Withdraw. Armstrong filed a timely Notice of Appeal.

On appeal, Armstrong raises the following claims for our review:

1. Ineffective assistance of[] initial collateral review, … trial attorneys.

   a. Failure to object and/or obtain judicial ruling(s) to improper remarks in the prosecutor's closing speech, expressing his personal opinion as to intent.

   b. Failure to raise an objection and request a curative instruction to false, damaging[,] misstated and misleading statements in the prosecutor's summation as to the "kill shot" being first.

   c. PCRA counsel was ineffective for his failure to develop and argue meritorious issues, based on the record, and instead offered a "**Finley** letter" to withdraw.

   d. Failure to request a specific alibi instruction be given to the jury when an alibi defense was the only defense presented.

   e. Failure to fully inform actual terms of plea offer.

2. Prosecutor misconduct:

   a. Misconduct committed when prosecutor (intentionally) misstated the evidence as to mislead the jury to inferences they may draw, and argued as facts false statements outside the record in his summation.

- 2 -

      b. Misconduct committed when prosecutor declared alibi witness a liar and perjurer in summation before jury.

    3. Trial court's abuse of discretion:

      a. Trial judge abused discretion by exclusion of probative admissible evidence that someone else may have committed the crime.

Brief for Appellant at 1.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, Armstrong raises a variety of claims regarding the ineffective assistance of trial counsel. *See* Brief for Appellant at 7-15.

Here, Armstrong did not raise any ineffective assistance of trial counsel claims in his initial PCRA Petition. In his Supplemental PCRA Petition, Armstrong stated the following: "The issues in relationship to just how, where and when a defense counsel could[,] would[,] or should have made his defense is preserved for [an] amended submission." Supplemental PCRA Petition, 3/27/15, at 2 (unnumbered, capitalization omitted). Armstrong did not file an amended petition or present any specific allegations of trial counsel's ineffectiveness before the PCRA court. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (noting that

- 3 -

"[a] PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness."). Thus, because Armstrong failed to raise any ineffective assistance of trial counsel claims in his initial PCRA Petition or his Supplemental PCRA Petition, his claims on appeal are waived. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal."); **see also Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007) (stating that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal.").[2]

Armstrong also raises claims of ineffectiveness of PCRA counsel. **See** Brief for Appellant at 12-13.

It is well-settled that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." **Ford**, 44 A.3d at 1200. Our review of Armstrong's Response to the Rule 907 Notice reveals that he did not raise any

---

[2] In his Rule 907 Response, Armstrong states that his trial counsel improperly failed to inform him of a plea offer. **See** Rule 907 Response, 2/2/16, at 1 (unnumbered). However, after the PCRA court has issued a Rule 907 notice of dismissal, a petitioner may not raise new assertions of trial counsel ineffectiveness in his response to the notice where he has not sought to amend the PCRA petition. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2014).

ineffectiveness of PCRA counsel claims.[3]  Thus, because Armstrong raised

PCRA counsel's ineffectiveness for the first time on appeal, we cannot review

these claims.  *See Commonwealth v. Henkel*, 90 A.3d 16, 30 (Pa. Super.

2014).

Armstrong next claims that the prosecutor committed misconduct

during closing arguments by making statements that were not supported by

the evidence of record.  Brief for Appellant at 15-16.  Armstrong argues that

the prosecutor's comments regarding the number of times Armstrong shot

Way misled the jury as to his intent to commit the murder.  *Id.* at 16-17.

Armstrong also asserts that the prosecutor committed misconduct by stating

to the jury that Armstrong's alibi witness had lied.  *Id.* at 17.  Armstrong

further contends that his trial counsel was ineffective for failing to object to

these statements and seek a curative instruction.  *Id.* at 16, 17.

As noted above, Armstrong did not properly preserve his ineffective

assistance of trial counsel claims.  *See Santiago, supra*.  Further,

Armstrong's prosecutorial misconduct claim is not cognizable under the

PCRA, and is waived for failing to raise it before the trial court or on direct

appeal.  *See* 42 Pa.C.S.A. § 9543(a)(2) (setting forth the eligibility

---

[3] In the Conclusion section of his brief, Armstrong argues that his PCRA counsel did not satisfy the requirements of *Turner*/*Finley* in withdrawing from representation.  Brief for Appellant at 18.  However, Armstrong did not raise this issue in his Rule 907 Response.  *See Commonwealth v. Pitts*, 981 A.2d 875, 879 n.3 (Pa. 2009) (stating that appellant's claims regarding the adequacy of PCRA counsel's *Turner*/*Finley* no-merit letter were waived for failing to raise the issue in a Rule 907 response).

requirements under the PCRA); *id.* § 9544(b) (noting that an allegation raised in a PCRA petition is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."); *see also Commonwealth v. Tedford*, 960 A.2d 1, 28–29 (Pa. 2008) (stating that where "no objection was raised, there is no claim of 'prosecutorial misconduct' as such available. There is, instead, a claim of ineffectiveness for failing to object, so as to permit the trial court to rule."). Thus, Armstrong's prosecutorial misconduct claim is waived.

In his final claim, Armstrong contends that the trial court erred in denying the admission of Way's criminal record at trial. Brief for Appellant at 17. Armstrong argues that the evidence was relevant to prove his defense that someone other than himself shot Way. *Id.* at 17-18.

Here, Armstrong previously litigated this claim in his direct appeal. *See Armstrong*, 82 A.3d 457 (unpublished memorandum at 13-14) (concluding that Armstrong's evidentiary claim regarding Way's criminal record was without merit); *see also* PCRA Court Opinion, 10/13/16, at 11-12. Thus, because the claim was previously litigated, Armstrong cannot obtain PCRA relief. *See Commonwealth v. Spotz*, 47 A.3d 63, 101 (Pa. 2012) (noting that claim previously litigated on direct appeal was not cognizable under the PCRA); *see also* 42 Pa.C.S.A. § 9543(a)(3).

Based upon the foregoing, the PCRA court properly dismissed Armstrong's PCRA Petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017